# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH FULTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-CV-00261-SPM |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Deborah Fulton ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

**I.   BACKGROUND**

On August 15, 2018, Plaintiff applied for DIB, alleging that she had been unable to work since August 9, 2017. (Tr. 153-54). Plaintiff alleged disability due to a heart condition, anxiety, a back injury, abdominal hernia, and high blood pressure. (Tr. 191). On February 8, 2019, her application was denied. (Tr. 83-87). On April 11, 2019, she filed a Request for Hearing by Administrative Law Judge ("ALJ"). (Tr. 88-89).

Plaintiff appeared and testified at hearings before the ALJ on February 13, 2020, and October 22, 2020. (Tr. 26-38, 39-70). Plaintiff testified that the conditions that prevent her from working are her heart problem, her severe anxiety, the shortness of breath she gets when walking up and down stairs, and the swelling in her feet when she is on them for an hour or two of walking. (Tr. 52-53). She testified that her anxiety was present back in 2017. (Tr. 53-59). In discussing her shortness of breath and her feet, Plaintiff testified that she felt better in 2017 than she did at the time of the 2020 hearing. (Tr. 54). She testified that as of the 2020 hearing, her heart was "doing great" but her shortness of breath was getting worse. (Tr. 54). She testified that after her heart attacks and surgery, when she started feeling better, she was walking a lot with her daughters, but that within about a year and a half before the October 2022 hearing, she stopped doing the walking. (Tr. 57).

On December 18, 2020, the ALJ issued an unfavorable decision. (Tr. 11-25). On January 27, 2021, Plaintiff filed a Request for Review with the Social Security Administration Appeals Council. (Tr. 150-52). On January 24, 2022, the Appeals Council declined to review the case. (Tr. 1-6). The decision of the ALJ therefore represents the final decision of the Commissioner.

With respect to Plaintiff's work history and medical records, the Court accepts the facts as set forth in the parties' respective statements of fact and responses.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The claimant's impairments must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant

disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. § 404.1520(a)(4)(iv); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff last met the insured status requirements of the Act on September 30, 2017; that she did not engage in

4

substantial gainful activity during the period from her alleged onset date of August 9, 2017, through September 30, 2017; that through her date last insured, Plaintiff had the severe impairments of obesity, coronary artery disease, and chronic obstructive pulmonary disease (COPD); and that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 16-17). The ALJ found that Plaintiff, through the date last insured had the following RFC:

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that the claimant can lift 20 pounds occasionally and 10 pounds frequently; can stand and/or walk about 6 hours out of an 8 hour workday, with normal breaks; can sit for about 6 hours out of an 8 hour workday, with normal breaks; and push and/or pull to same weights; except that the claimant can occasionally climb ladders, ropes, or scaffolds; should avoid extreme cold and extreme heat; should avoid hazards such as unprotected heights and moving mechanical parts and should avoid exposure to concentrated dust, fumes, gases, odors, and poor ventilation.

(Tr. 18). At Step Four, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing her past relevant work as a daycare worker through her date last insured. (Tr. 20-21). Thus, the ALJ found that Plaintiff was not disabled from her alleged onset date of August 9, 2017, through her date last insured of September 30, 2017. (Tr. 21).

### IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V. DISCUSSION**

Plaintiff challenges the ALJ's decision on several grounds, arguing that the RFC finding was not supported by substantial evidence; that the ALJ failed to properly consider Plaintiff's testimony and subjective complaints; that the ALJ failed to point to medical evidence in support of the finding that Plaintiff was capable of performing light work; and that as a result of these failures, the ALJ posed a flawed hypothetical question to the vocational expert, such that the expert's response did not constitute substantial evidence at Step Four.

The Court has reviewed the entire transcript and the parties' briefs. After careful review of the record, for the reasons stated below and in the Commissioner's brief, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's finding that Plaintiff was not disabled during the short time frame that was relevant to this case.

"If an applicant for disability benefits is not insured for Title II purposes, then [the court] only consider[s] the applicant's medical condition as of his or her date last insured." *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). Moreover, even if the applicant is disabled as of her date last insured, she must "meet the duration requirement that the disability lasted or was expected to last for twelve months." *Id.* at 994. Here, the ALJ acknowledged Plaintiff's August 2017 heart attack and her brief period of acute cardiac symptoms and inpatient care in August 2017, but reasonably found that in the months that followed, Plaintiff's records showed an overall improvement, such that the conditions she had in August 2017 did not persist at a disabling level for a period of at least twelve months. (Tr. 19). That finding was supported by substantial evidence and by medical evidence, including evidence from treatment records during and shortly after the relevant time frame when Plaintiff denied symptoms and had normal objective cardiac, respiratory, and musculoskeletal findings and treatment records showing that Plaintiff was noted to be "doing well" or had improved. The ALJ also conducted an appropriate analysis of Plaintiff's subjective complaints, crediting those complaints in part by limiting her to a range of light work to accommodate her need to limit her exertional activity due to ischemia and shortness of breath and her need to minimize the weight on her joints due to obesity, but discounting her complaints in part based on the evidence of improvement in her symptoms and improvement in objective findings after the initial period of severe symptoms. (Tr. 18-20). Finally, because the RFC finding

was supported by substantial evidence, the hypothetical question posed to the vocational expert based on that RFC adequately accounted for Plaintiff's impairments.

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. CONCLUSION

For all of the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2023.